82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammad S. SAATY, a/k/a Mohammed S. Saaty, a/k/a Muhammed
S. Saaty, Plaintiff-Appellant,
v.
Terry L. MORRIS, Supt., et al., Defendants-Appellees.
 No. 95-3713.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Muhammad Saaty (aka Mohammed Saaty, aka Muhammed Saaty), a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Saaty sued three officials at the Chillicothe Correctional Institute (Morris, Carniem, and Dunn) and two officials at the Ohio Department of Rehabilitation and Correction (Overberg and Sanborn). Relying on the Fifth, Eighth, and Fourteenth Amendments, and various federal statutes, Saaty asserted that defendants: 1) exposed him to unreasonably high levels of asbestos in the prison which endangered his present and future health; and 2) housed him in an area of the prison without adequate fire exits which endangered his safety.
 
 
 4
 After the district court granted defendants' motion for summary judgment, Saaty filed a timely appeal, reasserting his asbestos claim.
 
 
 5
 We note that Saaty does not raise his fire safety claim in his brief on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Thus, this claim will not be reviewed.
 
 
 6
 We also note that the district court properly analyzed his claim only under the Eighth Amendment. The Eighth Amendment is normally used as the primary source of protection for convicted inmates who challenge conditions of confinement. See Helling v. McKinney, 113 S.Ct. 2475, 2480 (1993).
 
 
 7
 Upon review, we conclude that the district court properly granted summary judgment to the defendants because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Prison officials have not disregarded the risk of asbestos to Saaty's present and future health and thus did not violate Saaty's Eighth Amendment rights. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). All asbestos in the prison has been encapsulated and will eventually be removed. Saaty himself noted instances where the prison promptly responded to prisoners' concerns about asbestos. Furthermore, the prison nurse told Saaty to sign up for sick call for symptoms he alleged were caused by asbestos. Thus, defendants have not been deliberately indifferent to either his present or future health. See id. at 1977.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation